S. H. WHITTEMORE & another *vs.* ROBERT O. FULLER & another.

The plaintiffs, who were shipbuilders, wrote to the defendants, who were iron merchants, saying, " We are ready for iron and spikes for a vessel of three hundred tons burthen; please give me your lowest price for bolt and refined iron. I suppose I shall buy for three vessels within three months, and please consider this." The defendants replied, naming prices which were unsatisfactory to the plaintiffs. The defendants wrote again, naming a lower price, and saying, " We make this offer with the understanding the quantity will not be over about twenty-five tons." The plaintiffs replied, accepting the defendants' proposal, inclosing an order for a small amount of iron, and requesting the defendants to fill it. The plaintiffs afterwards wrote to the defendants, " I am sorry if you made the price too low, but you must stand this vessel hard or soft, for we contracted to build it in view of the " aforesaid prices. *Held,* that the contract of the defendants was limited to the single vessel referred to, and that they were not bound to furnish. iron to the amount of twenty-five tons, to be used in other vessels.

CHAPMAN, J. The plaintiffs' declaration contains several counts. The first alleges, in substance, that the plaintiffs contracted with the defendants for twenty tons of bolt iron, at seventy-five dollars per ton, to be sent to the plaintiffs on demand, and that the defendants have refused to perform said contract fully. The second alleges the contract to be for the purchase and delivery of twenty-five tons of iron, to be delivered in four months, at seventy-five dollars per ton for common iron; also

that the defendants agreed to furnish the plaintiffs with refined iron at the rate of eighty-five dollars per ton. The third alleges that the defendants contracted to deliver to the plaintiffs refined iron at eighty-five dollars per ton, and have overcharged them therefor at the rate of five cents per pound. The allegations are all extremely loose and inartificial.

The correspondence which took place between the parties in the summer and autumn of 1863 contains the evidence which was relied upon to prove the contract. It commenced with a letter from the plaintiffs to the defendants, dated July 10th, 1863. It is of the following tenor. " East Machias, July 10th, 1863. Messrs. Fuller & Dana : Dear Sirs — We have got well in ; are ready for iron and spikes for a vessel of three hundred tons burthen ; please give me your lowest price for bolt and refined iron ; also Norway iron, spikes galvanized and not galvanized, and for copper spikes and Cumberland coal, per ton. Please answer as soon as possible, as there is no time to lose. I cannot dicker, come at once to your lowest price. I shall of course feel of the market. I suppose I shall buy for three vessels within three months, and please consider this. I remain yours truly, S. H. Whittemore." This letter proposed merely to purchase iron for the vessel which the plaintiffs were then building. The defendants' reply was dated July 16th, and stated their prices for iron if paid for within fifteen days. On the 22d of July the plaintiffs wrote again, declining to pay the prices stated by the defendants, and represented that their trade or the trade they might give to the defendants would amount to ten thousand dollars a year. But this representation cannot be regarded as an offer to purchase. It was merely an inducement to the defendants to lower their price in the hope of thereby securing a large future trade. The offer to purchase was still confined to the iron needed for the vessel mentioned in the first letter. The reply of the defendants, dated July 25th, is the letter which the plaintiffs rely upon as containing the contract declared on. The material parts are as follows : — " We want very much to se<sup>1</sup> you, and will sell as low as any one, but we do want to get a little profit. We will however offer the common iron at $75.

Whittemore & another *v.* Fuller & another.

We make this offer with the understanding the quantity will not be over about twenty-five tons, and all to be delivered in four months, less four per cent. if paid in fifteen days, or interest off if paid over that time. Hoping to receive your order, we remain yours truly, Fuller & Dana."

The "quantity" here spoken of evidently referred to the quantity needed for the vessel which the plaintiffs were then building, and was not a positive quantity of twenty-five tons, without regard to the use to which it was to be put. That the plaintiffs understood that there was to be no present contract for the sale of iron not wanted for that vessel is to be inferred from their reply dated August 5th. They say, " You only gave me the price of common iron, $75; but I take it you add $10 for refined, 7c for Norway and no extra charge for under ⅝ round ; if you so understand the trade, you may fill the order; and if not, please re-mail the memorandum by return mail to me ; but we hope we shall be able to trade long together and have all things right. We cannot get at the whole bill at this time, but will soon." There appears to have been an order for a quantity of iron inclosed in this letter, but it was only for a small amount. The " order " referred to does not appear to be for iron not needed for the vessel, and the " whole bill " was a bill of iron for that vessel, and for nothing beyond. That the plaintiffs so understood it up to August 17th is apparent from their letter of that date. They say, " You must stand this vessel hard or soft; for we contracted to build it in view of the $75 and $85 for iron. Should iron run lower before the time of the completion of this vessel, I should expect to pay the same price as at first." It was not till November 14th that they claimed a right to purchase twenty-five tons, and the defendants' reply denied that the contract was to be thus construed, unless the iron should be needed for the vessel. We think the defendants' construction was right, and that, as the construction given in the superior court was different, they are entitled to a new trial.

*Exceptions sustained.*

*D. H. Mason*, for the defendants.
*J. Nickerson*, for the plaintiffs.